**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matouk Kual Arob, | No. CV-26-04446-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, | |
| Respondent. | |

As described by respondent, on December 2, 2025, an immigration judge "granted ICE permission to proceed with [petitioner's] removal." (Doc. 9 at 2.) On January 12, 2026, ICE officers then "turned over Petitioner's travel packet request to the travel unit to proceed to schedule the removal to Sudan." (Doc. 9 at 2.) Respondent provides no information beyond that date, stating only that petitioner's "travel document request has been signed and submitted to the Sudanese government for issuance." (Doc. 9 at 4.)

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner has now been detained more than six months after his order of removal became final. Petitioner states he has "co-operated fully with ICE and provided them with all the information they need" but believes removal is unlikely given that ICE has "on numerous times attempted to deport [him] in vain." (Doc. 1 at 7.) Based on the length of detention and petitioner's showing, the burden is on respondent to point to evidence showing there is a significant likelihood of removal in the reasonably foreseeable future. In this case, respondent points only to the request for travel documents in January

2026 and provides no evidence or argument regarding communications since that time. Nor does respondent provide any information regarding the usual processing time for requests made to the Sudanese consulate or why he believes the Sudanese government is likely to issue travel documents.

Instead of evidence, respondent argues "Petitioner must show that there is some practical impediment to his removal, and Petitioner has presented this Court with absolutely nothing that suggests that he cannot be removed." (Doc. 9 at 4.) That assertion improperly flips the burden in the post-presumptive period. *Zadvydas*, 533 U.S. at 701. Absent any evidence from respondent showing a significant likelihood of removal in the reasonably-foreseeable future, the court must grant relief.

**IT IS ORDERED** the petition (Doc. 1) is **GRANTED**. Respondent must immediately release petitioner from custody and file a notice of compliance within two business days of petitioner's release. The Clerk of Court shall enter judgment in favor of petitioner and close this case.

**IT IS FURTHER ORDERED** the motion to appoint counsel (Doc. 11) is **DENIED AS MOOT**.

Dated this 14th day of July, 2026.

_____

**Honorable Krissa M. Lanham**
**United States District Judge**
